(22 App. Div. 30.)
### STATE NAT. BANK v. WEED.

(Supreme Court, Appellate Division, First Department.    November 12, 1897.)

HEARSAY EVIDENCE—REVERSIBLE ERROR.

In an action on a promissory note made by one R. to the order of defendant, and by him indorsed for R.'s accommodation, it appeared that R. transferred it to M., who gave it to plaintiff as security for a note of M.'s. The defense was that it was indorsed for a particular purpose, from which R. diverted it, and that neither M. nor plaintiff was a bona fide holder for value. The only evidence that plaintiff paid any new consideration was testimony of plaintiff's witness, in contradiction of his own previous testimony, that it appeared from correspondence with M. that such was the fact. *Held* objectionable, as hearsay, and that its admission over defendant's objection was reversible error.

Appeal from trial term.

Action by the State National Bank against Smith M. Weed. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. · Reversed.

The action was brought upon a promissory note made by one Nathan E. Reed to the order of the defendant for $2,000, which was indorsed by the defendant for the accommodation of the maker, Reed, who subsequently gave it to one Mason in payment of an indebtedness, and by the latter it was delivered to the plaintiff, with other collaterals, as security for a note of Mason's. The defense was that the note sued on was indorsed by the defendant, Weed. without consideration, for Reed's accommodation, and for a particular purpose; that it was diverted by Reed from the purpose for which it was indorsed, and delivered to Mason as collateral security to secure the payment of a debt of Reed's to Mason, then overdue; and that Mason gave it to the plaintiff as collateral to a claim against him, then overdue. The defendant gave testimony in support of this defense, and the principal questions finally submitted to the jury were as to whether the note was diverted from the purpose for which it was indorsed by Weed, and as to whether the plaintiff was a bona fide holder of the note for value. Upon this latter question Mason testified that the note was given to him in part payment of Reed's indebtedness, and was afterwards indorsed by him (Mason), and delivered to the plaintiff before maturity, "as collateral security for a debt he owed that bank, which then amounted to some $9,000." Charles E. Hoge, a witness on behalf of the plaintiff, who was examined under a commission, testified as follows: That he was cashier of the plaintiff. "I recognize the note shown me as being the same given to this bank about December 5, 1894, as collateral security on a loan made to Silas B. Mason. The note was received from Mr. Mason a short time after its making, and was accepted in the regular way as collateral security for a loan made to him, and is now owned by this bank to secure the loan referred to, which has never been paid, and is still due this bank. This note was pledged to secure the loan to Mr. Silas B. Mason, together with other collateral, of $9,687.84, December 24, 1894, which loan is still unpaid. Mr. Silas B. Mason had an existing loan with us at the time he gave us this note of about $6,000, which was not then due, and an overdraft of $3,000 on December 22, 1894, which was put into the $9,687.84 note referred to above, and a new note taken for the whole of his indebtedness; and this note of Reed's was pledged, together with other notes, stocks, and bonds, for this indebtedness, all of which remain unpaid at the date of the commencement of this action." The defendant had proposed certain cross interrogatories, one of which (the seventh) he did not read, but the counsel for the plaintiff stated that he would read it. It is as follows: "State how much money, if any, was owing plaintiff by said Mason at the time you took this note." The answer was objected to as not responsive, and as hearsay, but the court allowed it to be read, and it is as follows: "It appears from the correspondence with Mr. Mason at the time I took this note as collateral that he owed the bank over

$6,000, and that by pledging this note, together with certificate of stock held in a corporation of this city, the bank agreed to increase his loan to the amount at which it now stands, of $9,687.84." The objection that it was hearsay, and not responsive, was overruled, and the defendant excepted.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frank Walling, for appellant.
Howard R. Bayne, for respondent.

O'BRIEN, J. It is evident that the answer of the plaintiff's cashier to the seventh cross interrogatory was at variance and in conflict with the testimony given both by Mason and this same witness upon his direct examination, and it was the only evidence in the case to establish, or even suggest, any new consideration paid by the bank. Without it, there would be an absence of any testimony to justify the court in submitting to the jury the question of whether or not the plaintiff parted with anything on the credit of the note. It was, therefore, of vital importance, and, unless competent, should not have been admitted. From the answer itself it cannot be assumed, because the contrary is asserted by the witness, that he was speaking as of his personal knowledge; and if it was based upon correspondence with Mason, which was not produced, it was clearly hearsay. We think, therefore, that it was error to permit an answer based on hearsay to be read upon a question so vital in the case, relating, as it did, to the right of the plaintiff to recover of the defendant, assuming that the jury should conclude that the note was diverted; because it will be noticed that the case was submitted to the jury in such shape that they might have found for the plaintiff, notwithstanding the note was restricted and diverted, solely upon the ground that the plaintiff was a bona fide holder for value. And, as said, the only evidence to support this latter position (that the plaintiff was a bona fide holder for value) was the answer which was allowed to be read over the defendant's objection and exception.

We think that for this error the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.